UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE WRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JOHN E. POTTER, U.S. Postmaster General )<br>)<br>Defendant. )<br>———————————————————) | Civil Action No. 07-01279 (RBW) |

**DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, John E.

Potter, U.S. Postmaster General, through counsel, respectfully moves this Court to dismiss

Plaintiff's complaint with prejudice for lack of subject matter jurisdiction.  In support of this

motion, Defendant respectfully refers the Court to the attached memorandum of points and

authorities.

Because this is a dispositive motion, Defendants have not sought Plaintiff's consent

before filing it.  LCvR 7 (m).

Dated: December 18, 2007            Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 07-01279 (RBW) |
| ) | |
| JOHN E. POTTER, U.S. Postmaster General ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO DISMISS

Plaintiff, Lawrence Wright, brings suit under Title VII of the Civil Rights Act of 1964

as amended, 42 U.S.C. § 2000e(5) and the Age Discrimination Employment Act ("ADEA"), 29

U.S.C. § 626(c)(1) and (3).  The Defendant John E. Potter, US. Postmaster General, through

counsel, respectfully moves this Court to dismiss Plaintiff's complaint with prejudice.

## INTRODUCTION

Despite bringing this suit under Title VII and the ADEA, the Plaintiff merely alleges that,

the Defendant is in breach of the Arbitration Proceedings and Collective Bargaining Agreement

("collective bargaining agreement") by failing to implement an arbitrator's award dated April 3,

1996.[1], Complaint ¶¶ 13, 18.  Prior to this lawsuit, on July 28, 2003, the Plaintiff filed a nearly

identical complaint in the district court for the district of Maryland alleging that the Defendant

was in breach of the Arbitration Proceedings and Collective Bargaining Agreement by failing to

---

[1]   The Plaintiff also alleges that the American Postal Workers Union ("APWU")
breached its duty of fair representation in violation of Section 301 of the Labor Management
Relations Act, 29 U.S.C.A by failing to compel the Defendant to abide by the arbitrator's award.
Complaint ¶¶ 13, 18.  However, the APWU is not a named defendant in this action.

implement an arbitrator's award dated April 3, 1996.[2]  The District Court for the District of Maryland dismissed the action, consisting of "a hybrid of labor relations / duty of fair representation claim," as time barred.  The Plaintiff here, attempts to renew the same claim, except this time under the guise of Title VII and ADEA.  The Court should dismiss the complaint because the Plaintiff failed to exhaust his administrative remedies and the doctrine of res judicata bars Plaintiff's claim.

## BACKGROUND

Plaintiff was employed by the United States Postal Service in Washington D.C. as a Special Delivery Messenger at the time of the alleged discriminatory action.  Compl. ¶¶ 3, 4.  On April 3, 1996, an arbitration award was issued concerning payment to the Plaintiff.  Compl. ¶ 13.  On July 28, 2003 and in the District Court for the District of Maryland, Plaintiff filed a complaint against the United States Postal Service alleging that the Defendant violated the collective bargaining agreement by failing to implement the arbitration award.  Exhibit 1.  On February 4, 2004, the District Court dismissed Plaintiff's complaint.

On or about December 6, 2006, Plaintiff contacted an EEO counselor and filed a formal EEO race discrimination complaint on or about January 9, 2007.  See Exhibits 1 and 2.  In the administrative complaint, Plaintiff complained that he never signed any paperwork regarding the settlement for the arbitration award.  See Exhibit 1.

---

[2]  In the Maryland District Court case as in the instant action, the Plaintiff also alleged that the APWU breached its duty of fair representation by failing to compel the Defendant to abide by the arbitrator's award.  Exhibit 1.

## STANDARD OF REVIEW

A.    *Motion to Dismiss*

In resolving Fed. R. Civ. P.  12(b)(6) motions to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor.  Sullivan-Obst v. Powell, Secretary, Department of State, 300 F. Supp. 2d 85, 91 (D.D.C. 2004).  A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965.  While "many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations."  Shirk v. Garrow, 505 F. Supp.2d 169, 172 (D.D.C. 2007).

The court may consider certain additional evidence in deciding the motion.  See, e.g., Marshall Cty. Health Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993); Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986); Scott v. England, 264 F. Supp. 2d 5, 7 (D.D.C. 2002) (citing Hohri); Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

3

## ARGUMENT

## I. Plaintiff Failed to Exhaust his Administrative Remedies

### A. Administrative Procedures and Exhaustion Requirements under Title VII

Federal employees may file a civil action only after exhausting their administrative

remedies before the concerned Federal agency.  42 U.S.C. § 2000e-16(c).  Under rule-making

authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established

detailed procedures for the administrative resolution of discrimination complaints, including a

series of time limits for seeking informal adjustment of complaints, filing formal charges, and

appealing agency decisions to the Commission."  Bowden v. United States, 106 F.3d 433, 437

(D.C. Cir. 1997); 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity).  The

EEOC's regulations provide that "aggrieved" employees or applicants for employment who

allege they have been discriminated against must first consult an agency EEO counselor before

filing a complaint of discrimination and must do so within 45 days of the "matter alleged to be

discriminatory or, in the case of personnel action, within 45 days of the effective date of the

action."  29 C.F.R. § 1614.105(a)(1); see also Johnson v. Gonzales, 479 F. Supp. 2d 55, 59

(D.D.C. 2007) (45-day limitations period begins to run when the plaintiff has a "reasonable

suspicion" that he has been subjected to discrimination.).  The forty-five day period for

determining when EEO counseling must be commenced is triggered at "the time of the

discriminatory act, not the point at which the consequences of the act became painful."  Chardon

v. Fernandez, 454 U.S. 6, 8 (1981).

If the matter is not resolved through informal counseling, the aggrieved employee must,

within 15 days, file a written complaint with the agency that allegedly discriminated against him.

29 C.F.R. § 1614.106(a)-(c).  The agency must investigate the matter within 180 days or reject

the complaint and issue a final dismissal.  Id. at § 1614.106(d)(2).  At the conclusion of the

agency's investigation, the complainant may request a hearing before an EEOC administrative

judge or an immediate final decision by the agency.  Id. at § 1614.108(f).

Compliance with these procedures and time lines is mandatory.  "Complainants must

timely exhaust these administrative remedies before bringing their claims to court."  Bowden,

106 F.3d at 437; Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely

administrative charge is a prerequisite to initiation of a Title VII action").  As the U.S. Supreme

Court stated in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), "'strict

adherence to the procedural requirements specified by the legislature is the best guarantee of

evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447

U.S. 807, 825, 100 S. Ct. 2486, 2497 (1980)).

B.      Plaintiff did not timely consult an EEO counselor

Here, the Plaintiff did not contact an EEO counselor within 45 days of the alleged

discriminatory act, the failure to implement a 1996 arbitrator's award.  Although Plaintiff does

not state the date of the alleged failure to implement the 1996 arbitrator's award, the Plaintiff

filed a suit in the District Court for the District of Maryland on July 28, 2003 alleging there, as

here, that the Defendant failed to implement the 1996 arbitrator's award.  Exhibit 1.  Despite

making the same allegation over three years earlier in the 2003 district court case, Plaintiff

waited until December 6, 2006 to initiate counseling with an EEO Counselor.  Exhibit 5.

Thus, Plaintiff failed to timely exhaust his administrative remedies by failing to contact an EEO

counselor within 45 days of the alleged discriminatory conduct.

C.    Plaintiff did not present claims in his administrative complaint

The Plaintiff in the instant action for the first time alleges that the Defendant discriminated against him by not implementing an arbitration award.  In his administrative complaint, Plaintiff instead alleged that he did not enter into a settlement for the arbitration award and stated "Mrs. Duncan's statement that I signed a release and accepted a settlement is false."  Exhibit 5 - Formal Complaint.  When a district court complaint contains claims that were not presented in the administrative complaint those additional or different claims should be dismissed.  Lane v. Hilbert, No. 03-5309, 2004 WL 1071330, *1 (D.C. Cir. May 12, 2004) (dismissing sex discrimination and sexual harassment claims where administrative complaint alleged only race and hostile work environment claims); Park v. Howard University, 71 F.3d 904, 906 (D.C. Cir. 1995), cert. denied, 117 S.Ct. 57 (1996) (plaintiff's judicial complaint of hostile work environment dismissed where administrative charge complained only of sex and race discrimination).  Plaintiff's present claim is in essence a violation of contract claim and is different from his claim that he did not enter into the settlement award.  Because Plaintiff's claim in the instant action was not presented in the administrative charge, the Court should dismiss the claim.[3]

**II.    Plaintiff Failed to Comply with the Notice Requirements and Exhaustion of Administrative Remedies Requirement under ADEA**

Although Plaintiff alleges discrimination based on age, he failed to exhaust the ADEA's notice requirements and his administrative remedies.  See Compl. ¶ 2.  The ADEA provides two

---

[3]  In addition, the arbitration award was dated April 3, 1996.  To the extent that the Plaintiff now argues that he did not enter into a settlement for the 1996 arbitrator's award, his claims are untimely in that he did not contact an EEO counselor until 2006 - 10 years later and well beyond the required 45 days.

routes by which a claim of age discrimination may be brought against a federal agency. A federal employee may invoke an administrative process and then file a civil action if he is not satisfied with his administrative remedies. See 29 U.S.C. § 633a(b). Alternatively, the employee may elect to forego that administrative process and present his claim directly to a United States district court. See 29 U.S.C. § 633a(c); Lex K. Larson, 8 Employment Discrimination (2d ed.) § 140.08, at 140-32 (1998).

If a federal employee pursues the second route, the employee must file a notice of intent to sue with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory incident and give the EEOC at least 30 days to remedy the situation before filing the federal complaint. See 29 U.S.C. § 633a(c) and (d); Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991); Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003).

Here, the Plaintiff does not allege and can not establish that he filed a notice of intent to sue with the EEOC. In addition, Plaintiff did not pursue the administrative process. Defendant notes that the Plaintiff's 2006 EEO complaint addressed only race discrimination and Plaintiff did not allege and can not establish that he filed a separate administrative complaint concerning age discrimination. See Exhibit 3, EEO complaint. Therefore, the Court should dismiss Plaintiff's discrimination claims for failure to exhaust his administrative remedies under the ADEA.[4]

---

[4] Furthermore, the Plaintiff does not satisfy Fed. R. Civ. P. 8(a)(2) which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Plaintiff merely alleges that the Defendant failed to implement an arbitrator's award. This in itself suggests no racial or age animus and does not show that the Plaintiff is entitled to relief under Title VII or the ADEA.

### III.    Res Judicata Bars Claims

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946 (D.C. Cir. 1983).  The purpose of res judicata is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 211 U.S. App. D.C. 51, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  "The doctrine usually is parsed into claim preclusion and issue preclusion.  Under the claim preclusion aspect of res judicata, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action.  Under the issue preclusion aspect of res judicata, a final judgment on the merits in a prior suit precludes subsequent relitigation of issues actually litigated and determined in the prior suit, regardless of whether the subsequent suit is based on the same cause of action . . . Where a subsequent action is brought on a different claim, the party is collaterally estopped from relitigating issues actually litigated and determined in the prior action." I.A.M. Nat'l Pension Fund, 723 F.2d at 946-47 (citations omitted).  Also, the doctrine of *res judicata* precludes the parties or their privies from relitigating issues that were or could have been raised in that action.  Allen v.McCurry, 449 U.S. 90, 94 (1980).

Four factors must exist for res judicata to apply.  They are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits.  See American Forest Res. Council v. Shea, 172 F. Supp. 2d 24, 29 (D.D.C. 2001) citing Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 96 (D.D.C. 1998)).

8

Each of these factors is present in the instant matter.  First, the Defendant is the same as in Plaintiff's original case in the District Court for the District of Maryland.  Exhibit 2.  Second, the District Court for the District of Maryland, is, like the D.C. district court, an Article III court and thus a court of competent jurisdiction.  See Small v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006).  Moreover, the District Court for the District of Maryland issued a final judgment by granting Defendant's motion to dismiss on the statute of limitations.  See Exhibit 4.

Third, "for purposes of res judicata, '[t]he rules of finality ... treat a dismissal on statute-of-limitations grounds ... as a judgment on the merits.'" Small, 471 F.3d at 192 quoting Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003); Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir.1996); Nathan v. Rowan, 651 F.2d 1223, 1226 (6th Cir.1981); Myers v. Bull, 599 F.2d 863, 865 (8th Cir.1979) (per curiam); Mathis v. Laird, 457 F.2d 926, 927 (5th Cir.1972) (per curiam) (citing Williamson v. Columbia Gas & Elec. Corp., 186 F.2d 464 (3d Cir.1950)); 18 James WM Moore, et al., Moore's Federal Practice § 131.30 (3d ed.2006); 18A Charles Alan Wright et. al., Federal Practice and Procedure § 4441 (2d ed.2002).

Fourth, both of Plaintiff's cases share the identity of the cause of action.  For two cases to have an identity of cause of action, they must share the same "nucleus of facts."  Velikonja v. Ashcroft, 355 F. Supp. 2d 197, 201-02 (D.D.C. 2005), citing Apotex, Inc. v. FDA, 393 F.3d 210 (D.C. Cir. Dec. 21, 2004).  Because the Plaintiff alleged in both cases only that the Defendant failed to implement the 1996 arbitration award, both cases share the same nucleus of facts and thus, the cases share the identity of the cause of action.  Consequently, Plaintiff's reasserted

claim that the Defendant failed to implement the 1996 arbitration award is now barred by res judicata.

Furthermore, even though the Plaintiff now attempts to assert race and age discrimination as new causes of action for the exact same set of allegations made in the first district court complaint in which his cause of action was "a hybrid of labor relations / duty of fair representation claim," res judicata bars these claims. Exhibit 4, Mem. Opin., p. 4. Plaintiff had an opportunity to raise the present race and age discrimination claims in the former case and the doctrine of res judicata precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action. See Allen, 449 U.S. at 94. Therefore, the Court should dismiss these claims.

## IV.    The Tucker Act applies to Plaintiff's Claims

The Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims over claims against the United States for "liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346; 28 U.S.C. § 1491. The Tucker Act provides an exception, vesting concurrent jurisdiction in district courts for civil actions or claims against the United States for $10,000 or less. 28 U.S.C. § 1346(a)(2). However, a "claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." Small, 471 F.3d at189 *quoting* Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records, 56 F.3d 279, 285 (D.C. Cir. 1995). A complaint is not in essence one for monetary damages if the only remedy requested is "non-monetary relief that has considerable value independent of any future potential for monetary relief." Small, at 190.

The Plaintiff's complaint is in essence one strictly for monetary damages.  Compl.,

Prayer for Relief.  The Plaintiff claims that his arbitration award was for $75,000 and the

Defendant has breached the collective bargaining agreement by not giving him $60,000 and thus

implementing the arbitration award.  Because his claim for damages is for more than the amount

of $10,000, this Court does not have jurisdiction over the Plaintiff's complaint under the Tucker

Act.  Instead, the Court of Federal Claims has proper jurisdiction.  Therefore, the Court should

dismiss the Complaint.[5]

---

[5]    However, because the Plaintiff's claims are greater than six years old, they would
be barred nonetheless under the general statute of limitations.  See 28 U.S.C. § 2401(a).

Dated: December 18, 2007                Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE WRIGHT,                          )
                                          )
                        Plaintiff,        )
            v.                            )
                                          )     Civil Action No. 07-01279 (RBW)
                                          )
JOHN E. POTTER, U.S. Postmaster General,  )
                                          )
                        Defendant.        )
_____)

**ORDER**

UPON CONSIDERATION of Defendant's dispositive motion, the memorandum of
points and authorities in support thereof, any opposition thereto, any reply, and the record herein,
it is hereby ORDERED that the motion is GRANTED.

SO ORDERED, on this _____ day of _____, 2008.


_____
United States District Court Judge

# EXHIBIT 1

IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND


LAWRENCE WRIGHT
6411 Whitwell Court
Fort Washington, Maryland
    Plaintiff

    vs.

UNITED STATES POSTAL SERVICE
475 L'Enfant Plaza, S.W., Room 9142
Washington, D.C. 20260
    Serve On:
    John E. Potter
    Postmaster General
    United States Postal Service
    475 L'Enfant Plaza, S.W.
    Washington, D.C. 20260
    and
AMERICAN POSTAL WORKERS
UNION, AFL – CIO
NATION'S CAPITAL SOUTHERN,
MARYLAND AREA LOCAL
6139 Chillum Place, N.E.
Washington, D.C. 20011
    Serve On:
    Cargie Vaughn
    President
    AFPW, AFL – CIO
    NCSMA Local
    6139 Chillum Place, N.E.
    Washington, D.C. 20011

Civil Action No.:


## COMPLAINT AND DEMAND FOR JURY TRIAL

    Lawrence Wright, by Frederic M. Brandes, his attorney, hereby sues Defendants

United States Postal Service ("USPS") and American Postal Workers Union, Nation's

Capital Southern Maryland Area Local ("Union") and states as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this case pursuant to 28 U.S.C. 1331, 28

U.S.C. 1332, 28 U.S.C. 1345 and 28 U.S.C. 1439.

2.   This is the proper venue for this action pursuant to 28 U.S.C. 1391.

## ALLEGATIONS COMMON

## TO ALL COUNTS

3.   Plaintiff was at all relevant times employed by Defendant USPS as a

Special Delivery Messenger in the Special Delivery unit at its Brentwood,

Washington, D.C. Post Office location.

4.   Defendant USPS is located in and does business in this jurisdiction where

it employed Plaintiff, pursuant to a collective bargaining agreement

negotiated by the Defendant Union, the sole bargaining agent for plaintiff

and other similarly situated employees.

5.   Jurisdiction is premised up on the violation of Section 301 the Labor

Management Relations Act, 29 U.S.C.A. sec 185, and the diversity of the

parties.

6.   Plaintiff was at all relevant times employed by USPS as a Messenger in its

Brentwood Special Delivery unit.  In that capacity he was a member of the

successful Grievant Class in Class Action Grievance Case No. D90S-4D-

C-93006352 CV 1091, *In the Matter of Arbitration between United States

Postal Service and American Postal Workers Union.*

7.    On or about April 3, 1996 Arbitrator A. Paul Weinstein issued his Opinion and Award sustaining the grievance against USPS on behalf of the Special Delivery Messenger Class, including Plaintiff.

8.    The Defendant USPS is in breach of the Arbitration Proceedings and Collective Bargaining Agreement effective November 23, 1994 – November 20, 1998 and the Award of Arbitrator Weinstein dated April 3, 1996.

9.    The Defendant Union has failed properly, fairly and diligently to represent Plaintiff and the other Class members, in that the USPS has failed to implement the Award, and the Union has failed to take any action to compel USPS to abide by the final and binding decision of the Arbitrator. The arbitrator retained jurisdiction over his Award, but is now deceased.

10.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount known only to USPS and the Union plus pre and post Award interest, annual leave time, attorneys' fees and other damages.


## COUNT ONE

## BREACH OF CONTRACT

11.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs above.

12.    Defendant USPS has failed to implement the Award in D90s-4D-C-93006352 CV 1091, *In the Matter of Arbitration between United States*

3

*Postal Service and American Postal Workers Union,* in breach of the

Collective Bargaining Agreement, causing Plaintiff to suffer damages.

WHEREFORE, Plaintiff prays this Court award damages against the United

States Postal Service in the amount of $500,000 plus pre and post judgment interest,

attorneys fees and the cost of this action and such other relief as the Court may deem

proper.

## COUNT TWO

### BREACH OF DUTY OF FAIR REPRESENTATION

13.    Plaintiff re-alleges and incorporates by reference the allegations contained

in the preceding paragraphs.

14.    Defendant Union breached its duty of fair representation owed to Plaintiff

pursuant to Section 301 the Labor Management Relations Act (LMRA),

29 U.S.C.A. 185 *et seq.* in failing properly and diligently to represent him

by compelling timely implementation of his Award his grievance against

USPS, as set forth above.

15.    As a result of the Union's breach of its duty, Plaintiff suffered damages as

alleged.

WHEREFORE, Plaintiff prays this Court award damages against the Union in the

amount of $500,000 plus pre and post judgment interest, reasonable attorneys fees and

the cost of the action plus such other relief as the Court may deem proper.

4

COUNT THREE

REQUEST FOR INJUNCTIVE RELIEF

16.    Plaintiff re-alleges and incorporates by reference the allegations contained

in the preceding paragraphs above.

17.    As a result of Defendants' wrongful conduct, breach of duty and contract,

Plaintiff has suffered damage in that he has received no benefit to which

he is entitled from the Award in which he was a successful class grievant.

18.    Plaintiff and all other Class members are entitled to enforcement of the

Award D90s-4D-C-93006352 CV 1091, In the Matter of Arbitration

between United States Postal Service and American Postal Workers Union

with restoration of back pay, benefits, seniority and all other rights and

privileges to which he is entitled under that award, including pre and post

judgment interest, reasonable attorneys fees and the cost of this actions.

WHEREFORE, Plaintiff prays this Court grant Plaintiff injunctive relief in the

form of enforcement of the Award D90s-4D-C-93006352 CV 1091, In the Matter of

Arbitration between United States Postal Service and American Postal Workers Union

restoration of back pay, benefits, seniority and all other rights and privileges to which he

is entitled under the Award, plus pre and post judgment interest, costs, reasonable

attorney's fees and such other relief as the Court may deem proper.

Frederic M. Brandes
2126 Folkstone Road
Timonium, MD 21093
(410) 561-0290

5

## PRAYER FOR JURY TRIAL

Lawrence Wright, by Frederic M. Brandes, his attorney, prays this case be tried before a jury.

_____
Frederic M. Brandes

# EXHIBIT 2


**UNITED STATES POSTAL SERVICE**

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY
IN THE MATTER OF:

LAWRENCE A WRIGHT )
6411 Whitwell Ct ) Delivery Confirmation Complainant:   0306 3030 0002 8722 6318
Ft Washington MD  20744-3133 )
  Complainant, ) Delivery Confirmation Representative: 0306 3030 0002 8722 6301
)
    v. )
) Agency Case Number: 4K-200-0030-07
JOHN E. POTTER )
Postmaster General )
United States Postal Service )
Capital Metro Area )
  Respondent. ) Date Formal Filed:  January 9, 2007
)

## DISMISSAL OF FORMAL EEO COMPLAINT

After further review, this is the Postal Service's final decision on the above-cited discrimination complaint filed on January 9, 2007.  Enclosed is a copy of the PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report, for your reference in this case.

Specific Issue(s): You alleged discrimination based on Race (African American) when: from the beginning of your employment to the present, you have not been paid total the total amount that you are owed as a result of an April 3, 1996 Arbitration Award, in which you never agreed to the settlement or signed the release forms.

### CHRONOLOGY

Complainant was a Special Delivery Messenger at the agency's Curseen-Morris Post Office, in Washington, DC at the time of the alleged discriminatory action. The record reflects that Complainant requested pre-complaint processing on December 6, 2006, and was sent the Notice of Right to File Individual Complaint of Discrimination (PS Form 2579-A) on December 28, 2006  Subsequently, on January 9, 2007, Complainant filed a formal complaint of discrimination with the agency.

## ANALYSIS AND CONCLUSION

In the instant complaint you stated, that you never signed  release or settlement forms. Management told you that you did not need to sign settlement papers because they had already signed them and sent them for processing. They told you that you signed a release form and accepted the settlement which you stated was untrue.   The APWU filed a grievance which was arbitrated on March 4, 1996.

The proper forum for you to have raised these issues concerning your acceptance of the settlement is through that forum itself. It is inappropriate to now attempt to use the EEO

P.O. Box 21979
Tampa, FL  33622-1979

2

process to seek collateral enforcement concerning the grievance process or the use of it. *See also Lau v. National Credit Union*, EEOC Request No. 05950037 (March 18, 1996) (allegations that the agency's submissions to OWCP were false or misleading fail to state a claim in the EEO process).) and *Laregina v. U.S. Postal Service*, EEOC Appeal No. 01A23627 (October 16. 2002) and *Perez v. U.S. Postal Service*, Appeal No. 01A42345 (May 27, 2004).

The Commission has long held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. *Kleinman v. U.S. Postal Service*, EEOC Request No. 05940585 (September 22, 1994). Also, *Wills v. Department of Defense*, EEOC Request No. 05970596 (July 30, 1998).

The Commission has specifically determined that "[a]n EEO complaint which alleges that discriminatory actions have been taken to influence the outcome of a decision rendered under a negotiated grievance procedure is outside the purview of EEOC regulations and should be rejected." *Lingad v. U.S. Postal Service*, EEOC Request No. 05930106 (June 24, 1993).

Therefore, Complainant's complain alleging discrimination as cited above is now dismissed as failing to state a claim in accordance with 29 C.F.R. 1614.107(a) (1).

Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-0848, or by personal delivery to 1801 L Street NW 5th Floor, Washington, DC 20507, or facsimile to (202) 663-7022. The complainant should use EEOC Form 3573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the

3

Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

<u>Right to file a civil action</u>

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned **LAWRENCE A WRIGHT vs. John E. Potter, Postmaster General, U.S. Postal Service.** You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

Sheila E. Edmunds
EEO Services Analyst

<u>January 31, 2007</u>
Date

Attachment:

Postal Form 3573, "Notice of Appeal/Petition"

cc: James Butler, Esq
818 18th St. NW Ste #1010
Washington DC 20006-0000



*From the desk of...*
Butler Law Firm, Washington DC
818 18th St. N.W. Suite 1010
WDC 20006   202-223-6767

# James Q. Butler, Esq
# Attorney at Law

Date:   January 9, 2007

To:    NEEOISO-FORMAL COMPLAINT

Re:    Lawrence Wright

Dear NEEISO-FORMAL COMPLAINT:

    Enclosed is the formal complaint of my client Lawrence Wright.
    Please restrict all communication to the undersigned only, other than service upon my client of documents.
    My client is represented by counsel and I hereby direct NEEISO to refrain from speaking with my client, unless I am present or one a three way call.


Very truly yours,

*James Butler*

Attorney at Law

# EXHIBIT 3



**UNITED STATES POSTAL SERVICE ®**

## EEO Complaint of Discrimination in the Postal Service
*(See Instructions and Privacy Act Statement on Reverse)*

| | | |
|---|---|---|
| **1. Name** Lawrence A. Wright | **2. Social Security #** 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 | **3. Case No.** 4K-200-0030-07 |

**4a. Mailing Address (Street or P.O. Box)**
6411 WHITWELL COURT

**4b. City, State, and Zip + 4**
FT. WASH. MD 20744

**5. Email Address \***
ROSANPHIL@VERIZON.NET

**6. Home Phone**
300 567-295:

**7. Work Phone**
(202) 636-1250

**8. Position Title (USPS Employees Only)**
MESSENGER/CLERK

**9. Grade Level (USPS Employees Only)**
5/C

**10. Do You Have Veteran's Preference Eligibility**
☒ Yes    ☐ No

**11. Installation Where You Believe Discrimination Occurred**
*(Identify installation, City, State, and Zip+4)*
CURSEEN-MORRIS

**12. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory**
UNKNOWN

**13a. Name of Your Designated Representative**
N/A

**13b. Title**
UNKNOWN

**13c. Mailing Address (Street or P.O. Box)**
N/A

**13d. City, State, and ZIP + 4**
UNKNOWN

**13e. Email Address \***
N/A

**13f. Home Phone**
(   )   N/A

**13g. Work Phone**
(   )   N/A

\* Providing this information will authorize the Postal Service to send important documents electronically.

**14. Type of Discrimination You Are Alleging**

☒ Race (Specify): AFRICAN American
☐ Color (Specify):
☐ Religion (Specify):
☐ National Origin (Specify):

☐ Sex (Specify):
☐ Age (40+) (Specify):
☐ Retaliation (Specify Prior EEO Activity):
☐ Disability (Specify):

**15. Date on Which Alleged Act(s) of Discrimination Took Place**
Date of Employment to Courting to this date

**16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R. § 1616.106(d)**

I never signed any release or settlement forms. I was in New York having a medical procedure done and, when I returned I went to speak with the manager of the section, Mr. Stenard. I was informed by Mr. Stenard that Mr. Mumford wanted to see me. When I went to see Mr. Mumford he said that I did not need to sign any settlement paperwork because he had already sent it back to whoever the sender was, which was a party I did not know. Mrs. Duncan's statement that I signed a release and accepted a settlement is false. The paperwork I saw never stipulated any specific amount and appeared to be a receipt of information. I never signed any paperwork at all, and when I attempted to speak with Mr. Stenard and Mr. Mumford regarding the paperwork I was informed not to sign anything.

**17. What Remedy Are You Seeking to Resolve this Complaint?** retro active pay and benefits.

**18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS Mediator?**

☒ Yes (Date you received the Notice of Final Interview):          ☐ No

**19a. Signature of Dispute Resolution Specialist**
Kuldip S. Kang

**19b. Date**
December 28, 2006

**20. Signature of Complainant or Complainant's Attorney**

**21. Date of this Complaint**
1-8-07

PS Form 2565, March 2001 (Page 1 of 2)

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **LAWRENCE WRIGHT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. RWT 03-2180 |
| | ) | |
| **U.S. POSTAL SERVICE, et al.,** | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM OPINION

On July 28, 2003, Lawrence Wright ("Wright") filed a complaint in the United States District Court for the District of Maryland against the United States Postal Service ("USPS") and the Nation's Capital Southern Maryland Area Local, American Postal Workers Union, AFL-CIO ("Union")[1]. The Complaint alleges that, in April of 1996, Wright was employed as a Special Delivery Messenger in the Special Delivery Unit at the Brentwood Post Office in Washington, DC, and that an arbitrator had sustained a grievance brought on behalf of the Special Delivery Messenger Class (of which he was a member) against the USPS. Wright's complaint alleges that the USPS breached its Arbitration Proceedings and Collective Bargaining Agreement ("Agreement") with Wright by failing to implement the arbitrator's April 3, 1996 award and that the Union breached its duty of fair representation in failing to properly represent Wright and compel the USPS to abide by the arbitrator's award in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C.A. 185.

---

[1] In his Complaint, Wright apparently improperly identified the Nation's Capital Southern Maryland Area Local, American Postal Workers Union, AFL-CIO as the American Postal Workers Union, Nation's Capital Southern Maryland Area Local. The Court will properly identify the parties here.

I. Procedural History

In November 2003, the USPS filed a Motion to Dismiss, alleging that Wright's Complaint is barred by the applicable statute of limitations. Wright responded to the USPS's motion with a one-page opposition that does not cite any law or address any issue raised by the USPS, and is largely unintelligible. Approximately one month after Wright filed his opposition to the USPS's motion to dismiss, the Union filed a motion to dismiss, also alleging that the Complaint is time-barred.

The USPS then filed its reply memorandum in support of its motion to dismiss. Approximately one month after the USPS filed its reply, Wright filed a Memorandum In Opposition To Motions To Dismiss, in which he responded "to the issue of limitations raised by both Defendants in their Motions to Dismiss." (Pl.['s] Opp'n. of Jan.11, 2004 at Intro.) Again, this memorandum was one page in length and did not include citations or references to any relevant law. The USPS moved to strike Wright's Memorandum In Opposition To Motions To Dismiss as a surreply filed in violation of Local Rule 105.2(a). The USPS appended to its motion to strike an opinion in the case of <u>Chavis v. Potters</u>, AMD-03-1693 entered by Judge Andre Davis of this Court on December 29, 2003. In this opinion, Judge Davis indicates that Wright's counsel, Mr. Brandes, has a history of filing cases without a full understanding of the background facts and that Mr. Brandes's memoranda are typically one page in length and do not cite any supporting authority. In response to the USPS's motion to strike, Wright filed a one-page Motion To Strike The Memorandum Opinion Of Chavis v. John E. Potter. The Court addresses each of these motions in turn.

2

## II.  The USPS's Motion To Strike Wright's Surreply

Insofar as Wright's Memorandum In Opposition To Motions To Dismiss serves as an opposition to the Union's motion to dismiss, the memorandum is procedurally proper.  However, Wright's memorandum explicitly addresses issues raised by the USPS's motion to dismiss for the second time, and therefore is a surreply for the purposes of the USPS's motion to dismiss.  Local Rule 105.2(a) of this Court prohibits the filing of surreply memoranda unless otherwise ordered, and this Court did not order Wright to file a surreply to the USPS's motion to dismiss.   The filing of a second response to the USPS's motion to dismiss is improper and it will be disregarded.

## III.  Wright's Motion to Strike Memorandum Opinion of Chavis v. John E. Potter

Wright's Motion To Strike Memorandum Opinion of Chavis v. John E. Potter makes the argument that Judge Davis's Memorandum Opinion should be stricken from the record because the USPS has shown a "lack of tact and good taste" by attempting to admit it as supplemental authority to its reply memorandum.  Pl.'s Mot. To Strike at ¶ 2.  Mr. Brandes implies that the USPS has only filed this Opinion in an attempt to harass and embarrass him.  To the contrary, the opinion of Judge Davis is quite instructive in shedding light on the curious behavior of Wright's counsel in this case.  Accordingly, Wright's motion will be denied.

## IV.  Defendants' Motions To Dismiss

A movant will prevail on a motion to dismiss if, as a matter of law, the plaintiff can prove no set of facts that would entitle him to relief.  Herlihy v. Ply-Gem Indus., Inc., 752 F. Supp. 1282, 1285 (D. Md. 1990) (Harvey, J.).  Statutes of limitations defenses are recognized as appropriate grounds for granting a motion to dismiss where the defense is apparent from the face of the complaint.  See Pantry

3

Pride Enterprises, Inc. v. Glenelo Corp., 729 F.2d 963, 965 (4th Cir. 1984). In this case, the applicable statute of limitations has run and Wright's complaint must be dismissed as to both defendants.

Wright's claim, a hybrid labor relations/ duty of fair representation claim, is subject to the six month statute of limitations period set out in Section 10 of the National Labor Relations Act. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 172 (1983); see United States Postal Service v. American Postal Workers Union, 893 F.2d 1117 (9th Cir. 1990) cert. denied, 498 U.S. 820. The arbitration decision that Wright seeks to enforce was issued "on or about April 3, 1996." (Compl. ¶ 8). Wright did not bring his enforcement claim until July 2003, seven years after that statute of limitations had expired. Thus, Wright's claim is clearly time-barred.

Accordingly,

(1)    The United States Postal Service's Motion To Strike Surreply is GRANTED;

(2)    The Plaintiff's Motion To Strike Memorandum Opinion Of Chavis v. John E. Potter is **DENIED**;

(3)    The Defendant United States Postal Service's Motion To Dismiss is **GRANTED**; and

(4)    The Motion To Dismiss Of Defendant Nation's Capital Southern Maryland Area Local American Postal Workers Union, AFL-CIO is **GRANTED**.

A separate Order will follow.

February 4, 2004                                    /s/
                                            ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE

# EXHIBIT 5

SENT BY: AMERICAN POSTAL WORKERS UNION, ; 202 371 0992;    DEC-4-03 12:19;    PAGE 2

REGULAR REGIONAL PANEL

In the Matter of Arbitration
between:
United States Postal Service
and
American Postal Workers Union

Grievant:    Class Action
POST OFFICE: Brentwood, DC
CASE NO. D90S-4D-C-93006352
CV 1091

BEFORE: Paul A. Weinstein

APPEARANCES:

| | |
|---|---|
| For the Postal Service | Willie Ruth Gray |
| For the Union: | Cargie L. Vaughn |
| Place of hearing: | 900 Brentwood Rd. Washington, DC |
| Date of hearing: | March 4, 1996 |
| Relevant Contract Provisions: | Articles: 5,7,8,19,30and 40 |
| Contract Year: | 1991 |
| Type of Grievance: | Reversions |

AWARD SUMMARY

The grievance is sustained. The reversion was procedurally
defective because there had never been an assignment review as
required by the agreement between the USPS and the APWU. The
failure of the APWU to respond to the notice of proposed reversion
did not constitute waiver.

1

SENT BY: AMERICAN POSTAL WORKERS UNION, ; 202 371 0992;         DEC-4-03 12:19;         PAGE 3

Background: The matter was properly brought to arbitration under the Collective Bargaining Agreement between the United States Postal Service (USPS) and the American Postal Workers Union, AFL-CIO, 1990-1994. As an addendum, JX1B a Memorandum of Understanding between the parties dated July 21, 1987 was also admitted. The parties also admitted the Moving papers as JX 2. A third joint exhibit was the award of Arbitrator I.B. Helbrun [H90S-1H-C94056786/7, (June 6, 1995)] commenting on the award of Arbitrator Richard Mittenthal, [H7S-3A-C24946 (June 21, 1994)], which was also submitted as UX 1A. The Union submitted two other arbitration awards. Each side presented opening and closing statements as well as one witness.

There were two stipulaions by the parties. The first was the issue to be arbitrated. The second, was that Special Delivery Messengers are a separate craft, distinct from all other crafts.

There was an issue of fact concerning the union response to a letter which was page 8 of JX 2. The management representative indicated that the union had never responded to the letter requesting an input, and the management witness was not in a position to speak dispositively on this matter. The Union representative 'commented' on the union response, but did so not under oath, or as a witness, but as the local union head representing the Special Delivery Craft.

The letter was sent on June 24, 1991 to the President of the APWU locally and was received at that office on June 27, 1991. [JX2, pp.8] Mr. Cargie indicated that he orally replied to the letter and that it was not the practice to respond in writing. He was not sworn, nor was he cross examined on any matter, and presented no other proof on this point.

This award is based upon the essence of all the materials presented at the hearing on this matter.

Issues to be resolved:

1. Were the ten (10) special delivery vacant positions properly reverted on July 12, 1991? If not, what should the remed

Contract provisions:

ARTICLE 5 PROHIBITION OF UNILATERAL ACTION

The Employer will not take any actions affecting wages, hours and other terms and conditions of employment as defined by Section 8(d) of the National Labor Relations Act which violate the terms of this Agreement...

ARTICLE 7 EMPLOYEE CLASSIFICATIONS

B. Supplemental Work Force.
2. During the course of a service week, the employer will make every effort to insure that qualified and available part-time flexible employees are utilized at the straight-time rate prior to assigning such work to casuals.

Section 3. Employee Complements
B. The employer shall maximize the number of full time employees and minimize the number of part-time employees who have no fixed work schedules in all postal installations...
C. A part-time flexible employee working eight (8) hours within ten (10) on the same five (5) days each week ...will demonstrate the need for converting the assignment to a full-time position.

ARTICLE 8 HOURS OF WORK

ARTICLE 19 HANDBOOKS AND MANUALS

ARTICLE 40 SPECIAL DELIVERY MESSENGER CRAFT
SECTION 1 SENIORITY
    D. DEFINITIONS
    9. Reversion: Reversion is a management decision to reduce the number of positions within the craft and installation when such position(s) is/are vacant.

MEMORANDUM OF UNDERSTANDING BETWEEN THE UNITED STATES POSTAL SERVICE AND THE AMERICAN POSTAL WORKERS UNION,AFL-CIO SPECIAL DELIVERY CRAFT

Re: Special Delivery Unit Review
A review willl be conducted in each special delivery unit on an annual basis to determine appropriate scheduling and staffing. This review will include, but not be limited to, an analysis of total workload assigned to the Special Delivery Messenger Craft in that unit, service requirements and overtime. The results of the review will be shared with the appropriate union representattive, and the emloyer will make adjustments if appropriate.

3

...The total workload assigned to the Special Delivery Messengers will not be decentralized for the sole purpose of removing work from the Special Delivery Messengers

Date: July 21, 1987

Arguments:

Union: The Union argues that the agreement entered as JX2B required that there be an annual "review ...conducted in each special delivery unit...to determine appropriate scheduling and staffing." They argue that this was not done and therefore the reversion was procedurally defective. They further argue that had review been done they would have discovered that special delivery work was being done by clerks out of the craft, that no posting was ever carried out to determine if PTFs were available to carry out the work transferred.

While the contract, Article 7, requires that the PTFs be maximized, management disregarded their obligations under the contract, in the pursuit of their standard of efficiency. For example ,the 30 day vacancies in Special Delivery were never posted which is a violation of the National Agreement.

It was argued that there were PTFs available and eager to bid for the FTR positions. By being excluded from the FTR opportunities, the PTFs suffered real losses which included the opportunity to bid for overtime and for assignments which gave them the opportunity to not work on weekends and holidays.

Management:

The Union was properly notified of the management desire to revert the ten vacant special delivery positions. Management was willing to postpone any actions in that direction if the Union had objections, but the Union never responded to the Management invitation and that was all that was required.

Management knew that there was insufficient work for Special Delivery and as in the majority of operations, special handling was efficiently carried out by the regular complement of mail handlers.

There was both justification for the reversion and no error on the part of the Postal Service.

4

SENT BY: AMERICAN POSTAL WORKERS UNION, ; 202 371 0092;    DEC-4-03 12:20;    PAGE 6/7

## Analysis and Decision:

The center of this case is not about the proper assignment of staff for the carrying of Special Delivery, Express or other categories of mail. It concerns whether the management reversion of the ten positions was carried out properly. Two arguments are at the heart of the union case: was the action done unilaterally by management, thus violating Article 5 of the National Agreement. and whether the USPS followed the correct procedures in determining whether they should revert those positions.

There is no doubt that the APWU was properly notified of the intention to revert. The submission of JX2 pp.8 is incontrovertible. The Union Representative , not speaking as a witness indicated that he responded in the negative and that it was not the custom to respond in writing. It is also clear that oral responses were not unusual.

There is no corroboration of the Union position. If the matter is important enough to be a central point in an arbitration it needs support. While management's witness can not state with absolute assurance that there was not a reply, because he was not a policy maker at that time. The burden falls to the union to prove it did reply and the management position that management would not have proceeded with the reversion is without merit. As a result of the evidentiary failure we reject the argument that the management action was done unilaterally in violation of Article 5.

The second matter relates to the annual review of each special delivery unit.[JX 1B] The periodicity of the annual reviews is addressed in JX.3, the award by Arbitrator Helbrun. In commenting on what is required of management.

This does not mean that each decision to revert must be immediately proceeded by an annual revue. It is not unreasonable for Management to make reversion decisions based on data which are[pp.14] reasonably current. In essence the unit review memorandum defines reasonably current as within a year.[emphasis supplied. PAW, pp.15]

5

The lone Management witness, who drafted the letter that is JX.2 pp.8 but at the time of this hearing was in a policy making decision stated that no unit assignment review ever occurred.

There is but one conclusion, the USPS violated the requirement of the annual reviews. Further, it is clear from the language of that agreement and the arbitral awards submitted that there was a requirement for such reviews as a precursor to reversion. The absence of review questions the reversion. Implicitly, the USPS is arguing that the failure to respond to the announcement letter amounts to waiver. They do not make that argument explicitly, and if they did, it would be rejected. The absence of the response noted above is not waiver.

As a consequence the reversion is nullified.

Award:

The grievance is sustained. Subsequent to the reversion 5 PTFs have been moved into the FTR status. Since September 18, 1993 there have been 5 PTFs disadvantaged by the improper reversion. The Postal Service shall post whatever vacancies had existed at that time and shall pay whatever differentials proved by the APWU, with the aid of data provided by the USPS to make those losses whole, only for the five disadvantaged. The parties shall notify the arbitrator within thirty days of the steps taken to effectuate this award and I shall retain jurisdiction of the matter until I receive notification that the remedy is resolved.

So ordered.

Apr 3, 1996

_____
Paul A. Weinstein, Arbitrator

6